IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

|  |  |  |
|---|---|---|
| OLEG G. PODGORETSKY, | ) | |
|  | ) | |
| Plaintiff, | ) | |
|  | ) | |
| v. | ) | Civil Action No. 1:15-cv-01478 |
|  | ) | |
| MORTGAGE ELECTRONIC | ) | |
| REGISTRATION SYSTEMS, INC., | ) | |
| ET AL., | ) | |
|  | ) | |
| Defendants. | ) | |
|  | ) | |

## MEMORANDUM OPINION

THIS MATTER comes before the Court on Defendant Mortgage Electronic Registration Systems' ("MERS") Motion to Dismiss.

Subsequent to the filing of the Motion to Dismiss, Plaintiff filed an Objection to Removal. Plaintiff claims that jurisdiction was properly laid before the Fairfax County Circuit Court. This Court finds otherwise. Because Plaintiff alleged violations of federal law, including 18 U.S.C. § 1028, the case was properly removed on federal question grounds. Pursuant to 28 U.S.C. § 1331, United States district courts possess original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." Likewise, pursuant to 28 U.S.C. § 1441(c) and § 1367(a), this Court has supplemental jurisdiction over any claims construed as brought

1

under the common law of the Commonwealth of Virginia. Plaintiff's motion should be denied.

## I.   BACKGROUND

On March 13, 2006, Plaintiff obtained a home mortgage loan ("Loan") from American Brokers Conduit. The Loan was evidenced by a promissory note ("Note") and secured by a Deed of Trust, which placed a lien on 2792 Fariba Court, Vienna, Virginia 22181 ("Property").

Plaintiff's loan servicer, Homeward Residential ("Homeward"), transferred the Loan servicing to Ocwen Loan Servicing, LLC ("Ocwen") in February 2013. After origination and as evidenced by an Allonge and the Assignment of Deed of Trust, the Loan was transferred to The Bank of New York Mellon f/k/a The Bank of New York, Successor-in-Interest to JPMorgan Chase Bank, N.A. as Trustee for Structured Asset Mortgage Investments II Trust 2006-AR5, Mortgage Pass Through Certificates, Series 2006-AR5 ("BONY"). Defendant MERS was the beneficiary under the Deed of Trust.

On or about November 14, 2013, Defendant Poore Substitute Trustee Ltd. ("Poore") was appointed as the Substitute Trustee under the Deed of Trust. In light of Plaintiff's missed mortgage payments, Poore initiated foreclosure against the Property.

In January 2014, Plaintiff filed a Complaint and Motion for

Temporary Restraining Order and Emergency Injunctive Relief in the Circuit Court of Fairfax County. Podgoretsky v. Ocwen Loan Servicing, LLC, CL-2014-1215 (Fairfax County Cir. Ct.) ["Podgoretsky I"]. On February 19, 2014, the Fairfax County Circuit Court denied Plaintiff's request for injunctive relief.

On March 7, 2014, Plaintiff filed a lawsuit in this Court. Podgoretsky v. Ocwen Loan Servicing, LLC, et al., Case No. 1:14-cv-239-AJT-IDD (E.D. Va. Aug. 20, 2014) ["Podgoretsky II"].[1] On August 20, 2014, the Court entered an Order granting the motions to dismiss filed by the defendants, and dismissed the case with prejudice. Upon Plaintiff's appeal, the United States Court of Appeal for the Fourth Circuit affirmed the dismissal.

Plaintiff returned to Fairfax County Circuit Court and filed an Amended Complaint on September 26, 2014. On January 9, 2015, the Circuit Court sustained the Demurrer, and dismissed the Amended Complaint of Podgoretsky I with prejudice. See Podgoretsky v. Ocwen Loan Servicing, LLC, CL-2014-1215 (Fairfax County Cir. Ct.).

Plaintiff filed the present action in Fairfax County Circuit Court on October 9, 2015 against MERS and Poore. The claims are "cancellation of a void recorfded [sic] instrument assignment of substitute trustee," "to cancel void appointment of substitute trustee," and "declaratory relief." Plaintiff

---

[1] The other defendants in Podgoretsky II were The Bank of New York Mellon, J.P. Morgan Chase Bank, Hunoval Law Firm, PLLC, and Poore.

3

asked the Court to find

> "[T]hat none of the Defendants have any right, title,
> or interest of any kind in either the Note or the
> Mortgage and that there was never any legal, lawful,
> or effective transfer of any interest in either the
> Note or the DOT from the original bankrupt lender to
> any party, and for a permanent injunction against the
> Defendants and their agents and assigns forever
> precluding the Defendants and their agents and assigns
> from ever foreclosing or attempting to foreclose on
> Plaintiff's property, and for an award of his
> attorneys' fees and costs if Plaintiff is deemed the
> prevailing party."

The case was removed to this Court on November 6, 2015.
Defendant MERS filed its Motion to Dismiss on November 13, 2015,
to no response from Plaintiff.

## II.  LEGAL STANDARD

A motion to dismiss for failure to state a claim under Fed.
R. Civ. P. 12(b)(6) tests the legal sufficiency of a complaint.
See, e.g., Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th
Cir. 1999); District 28, United Mine Workers of Am., Inc. v.
Wellmore Coal Corp., 609 F.2d 1083, 1085-86 (4th Cir. 1979).
Generalized, unsupported assertions are insufficient to state a
claim.

A court should dismiss a complaint if the plaintiff fails
to proffer "enough facts to state a claim to relief that is
plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S.
544, 570 (2007). A plaintiff's "obligation to provide the
'grounds' of his 'entitlement to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 555. A claim will lack "facial plausibility" unless the plaintiff "plead[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). A complaint must contain sufficient evidentiary facts to raise a plausible—as opposed to merely conceivable-inference that the Plaintiff is entitled to relief. Twombly, 550 U.S. at 570; Iqbal, 556 U.S. at 680. Plaintiff must allege enough facts "to raise a right to relief above the speculative level[.]" Robinson v. Am. Honda Motor Co., 551 F.3d 218, 222 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555, 570).

## III.  ANALYSIS

Here, Plaintiff fails to proffer facts sufficient for plausible relief because Plaintiff fails to distinguish this action from his prior dismissed suits. Plaintiff's present action is barred by the doctrine of res judicata. Res judicata "provides that 'a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based on the same cause of action.'" Nash County Board of Educ. v. Biltmore Co., 640 F.2d 484, 486 (4th Cir. 1981) (quoting Montana v. United States, 440 U.S. 147, 153 (1979)). Subsequent suits

are barred where a party establishes "(1) a final judgment on the merits in an earlier suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." Id. *Res judicata* bars not only allegations brought in a previous suit, but also allegations which could have been brought. Pueschel v. United States, 369 F.3d 345, 354 (4th Cir. 2004).

Each of the *res judicata* requirements are met in the case at bar. First, there were final judgments on the merits in Plaintiff's prior suits. Podgoretsky I was dismissed with prejudice in Fairfax County Circuit Court in January 2015, and Podgoretsky II was dismissed with prejudice by this Court in August 2014. See Podgoretsky v. Ocwen Loan Servicing, LLC, CL-2014-1215 (Fairfax County Cir. Ct.); Podgoretsky v. Ocwen Loan Servicing, LLC, et al., Case No. 1:14-cv-239-AJT-IDD (E.D.Va. Aug. 20, 2014). The Fourth Circuit affirmed this Court's dismissal. Podgoretsky v. Ocwen Loan Servicing LLC, 590 F. App'x 275, 276 (4th Cir. 2015).

Second, the causes of action in Plaintiff's prior suits and the present suit are the same. The Fourth Circuit holds that the "test for deciding 'whether the causes of action are identical for claim preclusion purposes is whether the claim presented in the new litigation arises out of the same transaction or series of transactions as the claim resolved by the prior judgment.'"

Laurel Sand & Gravel, Inc. v. Wilson, 519 F.3d 156, 162 (4th Cir. 2008) (quoting Pittston Co. v. United States, 199 F.3d 694, 704 (4th Cir. 1999) (internal quotations omitted)). Here, of Plaintiff's suits concerns the same series of transactions, challenging the title of the same instrument. Varying the articulation of the claims does not bar *res judicata*. As the Fourth Circuit forewarned,

> Were we to focus on the claims asserted in each suit, we would allow parties to frustrate the goals of *res judicata* through artful pleading and claim splitting given that '[a] single cause of action can manifest itself into an outpouring of different claims, based variously on federal statutes, state statutes, and the common law.'

Pueschel, 369 F.3d at 355 quoting Kale v. Combined Ins. Co. of Am., 924 F.2d 1161, 1166 (1st Cir. 1991). In his prior cases, Plaintiff attempted to advance the same show-me-the-note theories asserted here. Regardless how the claims are titled, each suit challenges financial entities' authority to enforce the Loan documents and foreclose on the Property.

Fulfilling the third *res judicata* prong, Defendants MERS and Poore are in privity with the defendant in Plaintiff's prior actions because all of the defendants' interests are identical. Plaintiff brought his prior actions against Ocwen, the servicing transferee of Plaintiff's home mortgage. Plaintiff brings the present action against the same mortgage's deed of trust beneficiary, MERS, and its substitute trustee, Poore. "Under

both Fourth Circuit and Virginia decisions, the test for privity is [] the same: whether the interests of one party are so identified with the interests of another that representation by one party is representation of the other's legal right." Weinberger v. Tucker, 510 F.3d 486, 491 (4th Cir. 2007) (internal quotation omitted). In all Plaintiff's litigation, a single legal right is at issue—the lawfulness of foreclosure on Plaintiff's property. The lawfulness of that foreclosure is an identical interest. Anecdotally, an array of federal courts previously addressed this matter specific to MERS.[2]

## IV.  CONCLUSION

For the foregoing reasons, the doctrine of *res judicata* applies to the case at bar. Plaintiff fails to state a plausible claim for relief that overcomes *res judicata* and the Motion to Dismiss must be granted as to both Defendants.

---

[2] See, e.g., Malone v. Mortgage Elec. Registration Sys., Inc., No. 3:13-01150, 2014 WL 1350503, at *1 (M.D. Tenn. Apr. 3, 2014), aff'd (May 13, 2015) ("MERS is in privity with the defendants in the prior actions involving the foreclosure on Plaintiff's property. The defendants in Plaintiff's first and second actions have identical interests with MERS, namely, the lawfulness of the foreclosure"); Maxwell v. U.S. Bank Nat. Ass'n, 544 F. App'x 470 (5th Cir. 2013) (holding that the legal relationship between MERS, the deed of trust beneficiary, and the bank that was the defendant in the mortgagor's prior lawsuit was sufficient to satisfy the privity requirement of *res judicata*); Apostol v. CitiMortgage, Inc., No. 13-CV-01983-WHO, 2013 WL 6328256, at *5 (N.D. Cal. Nov. 21, 2013) ("[W]hile defendant MERS was not a party to the prior suit, its interests are also aligned with CitiMortgage sufficiently to establish privity. . . . The right of Citi Residential, and by extension CitiMortgage, to assign the DOT to MERS and then for MERS to further assign the DOT back to CitiMortgage, are the same rights defended by CitiMortgage in [a prior] case").

An appropriate order shall issue.

CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
December 18, 2015